UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA P.,[1] | Case No. EDCV 18-529-KK |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) |
| ANDREW SAUL,[2] Commissioner of Social Security, | |
| Defendant. | |

# I.

# **INTRODUCTION**

Plaintiff Theresa P. ("Plaintiff")'s counsel, Omar Ortega of Pierre Pierre Law, P.C. ("Counsel"), filed a Motion for Attorney Fees ("Motion") pursuant to 42 U.S.C. § 406(b) ("Section 406(b)").  The Motion seeks an award of $14,924.00 for representing Plaintiff in an action to obtain disability insurance benefits, with a refund to Plaintiff of $9,103.50 for the Equal Access to Justice Act ("EAJA") fees previously

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] The Court substitutes Andrew Saul, the current Commissioner of Social Security, as Defendant in this action.  Fed. R. Civ. P. 25(d).

awarded.  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c).  For the reasons stated below, the Court GRANTS the Motion.

## II.

## **RELEVANT BACKGROUND**

On March 15, 2018, Plaintiff filed the Complaint in this action.  ECF Docket No. ("Dkt.") 1, Compl.  Plaintiff alleged the Commissioner of the Social Security Administration ("Defendant") improperly denied Plaintiff's application for Title II Disability Insurance Benefits ("DIB").  Id.  On January 18, 2019, the Court entered Judgment reversing the decision of Defendant and remanding the case for further administrative proceedings.  Dkt. 22, Order; Dkt. 23, Judgment.

On May 29, 2019, the Court issued an order granting Counsel's Motion for EAJA Fees awarding fees to Counsel in the amount of $9,103.50.  Dkt. 27, Order Granting EAJA Fees.

On June 17, 2020, Counsel filed the instant Motion pursuant to Section 406(b) seeking attorney fees in the amount of $14,924.00.  Dkt. 28, Mot.  Counsel states 69.8 hours of attorney time were spent representing Plaintiff in federal court.  Dkt. 28-2, Declaration of Eddy Pierre Pierre ("Pierre Decl."), ¶ 14, Ex. C.  Counsel seeks compensation pursuant to a contingency agreement dated March 9, 2018, which provides that if Plaintiff prevails in federal court, Counsel "may request up to twenty-five percent (25%) of the past due benefits."  Id., ¶ 6, Ex. A.

On June 18, 2020, Counsel served Plaintiff with the Motion and informed her that she had a right to file a response to the Motion within fourteen days of receipt of her copy of the Motion.  Id., ¶ 19; Dkt. 30.  Plaintiff received the Motion on June 20, 2020, see dkt. 30, but Plaintiff has not filed a response.

On July 7, 2020, Defendant filed a Response to the Motion.  Dkt. 29.  Defendant provided an analysis of the fee request but "takes no position on the reasonableness fee request."  Id. at 5.

2

1      The matter thus stands submitted.

2 **III.**

3 **DISCUSSION**

4 **A.**     **APPLICABLE LAW**

5      Pursuant to Section 406(b):

6      Whenever a court renders a judgment favorable to a claimant under this

7      subchapter who was represented before the court by an attorney, the

8      court may determine and allow as part of its judgment a reasonable fee

9      for such representation, not in excess of 25 percent of the total of the

10      past-due benefits to which the claimant is entitled by reason of such

11      judgment, and the Commissioner of Social Security may . . . certify the

12      amount of such fee for payment to such attorney out of, and not in

13      addition to, the amount of such past-due benefits.

14 42 U.S.C. § 406(b)(1)(A). Thus, "a prevailing [disability] claimant's [attorney's] fees

15 are payable only out of the benefits recovered; in amount, such fees may not exceed

16 25 percent of past-due benefits." Gisbrecht v. Barnhart, 535 U.S. 789, 792, 122 S. Ct.

17 1817, 152 L. Ed. 2d 996 (2002).

18      Where a claimant entered into a contingent fee agreement with counsel, a court

19 must apply Section 406(b) "to control, not to displace, fee agreements between Social

20 Security benefits claimants and their counsel." Id. at 793. A court should not use a

21 "lodestar method," under which a district court "determines a reasonable fee by

22 multiplying the reasonable hourly rate by the number of hours reasonably expended

23 on the case." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc).

24 Rather, where the claimant and counsel entered into a lawful contingent fee

25 agreement, courts that use the "lodestar" method as the starting point to determine

26 the reasonableness of fees requested under Section 406(b) improperly "reject the

27 primacy of lawful attorney-client fee agreements." Gisbrecht, 535 U.S. at 793. Thus,

28

3

1   courts should not apply lodestar rules in cases where the claimant and counsel reached
2   a contingent fee agreement because:

3        [t]he lodestar method under-compensates attorneys for the risk they
4        assume in representing [social security] claimants and ordinarily produces
5        remarkably smaller fees than would be produced by starting with the
6        contingent-fee agreement.  A district court's use of the lodestar to
7        determine a reasonable fee thus ultimately works to the disadvantage of
8        [social security] claimants who need counsel to recover any past-due
9        benefits at all.

10  Crawford, 586 F.3d at 1149.

11       However, even in contingency fee cases, a court has "an affirmative duty to
12  assure that the reasonableness of the fee [asserted by counsel] is established." Id.  The
13  court must examine "whether the amount need be reduced, not whether the lodestar
14  amount should be enhanced." Id.  The court may consider factors such as the
15  character of the representation, the results achieved, the ratio between the amount of
16  any benefits awarded and the time expended, and any undue delay attributable to
17  counsel that caused an accumulation of back benefits in determining whether a lawful
18  contingent fee agreement is reasonable.  See Gisbrecht, 535 U.S. at 808; Crawford,
19  586 F.3d at 1151.

20       Additionally, the Court must determine whether a previously awarded EAJA
21  fee should be refunded to Plaintiff in the event both Section 406(b) and EAJA fees
22  are awarded.  "Congress harmonized fees payable by the [Agency] under EAJA with
23  fees payable under § 406(b) out of the claimant's past-due Social Security benefits in
24  this manner: Fee awards may be made under both prescriptions, but the claimant's
25  attorney must 'refun[d] to the claimant the amount of the smaller fee.'" Gisbrecht,
26  535 U.S. at 796.

27  ///
28  ///

4

**B.    ANALYSIS**

Here, Counsel seeks a reasonable fee under Section 406(b).  Plaintiff retained Counsel to represent her in federal court in her appeal from the administrative denial of benefits and agreed to pay Counsel a contingent fee of twenty-five percent of any past due benefits obtained for work performed in court.  See Pierre Decl., Ex. A. Consideration of the factors set forth in Gisbrecht and Crawford warrants no reduction of the fee Counsel seeks.

The record discloses no issue regarding the quality or efficiency of Counsel's representation before this Court, or any misconduct or delay by Counsel.  Counsel obtained a favorable outcome for Plaintiff, ultimately resulting in a remand for further administrative proceedings and an award of past due benefits.  See dkt. 23, Judgment; Pierre Decl., ¶¶ 10, 12, Ex. B.

In addition, a fee of $14,924.00 based on 69.8 hours of attorney time is reasonable.  See Pierre Decl., ¶¶ 14-17, Ex. C.  The Court finds Counsel's effective hourly rate of approximately $214.07[3] reasonable under the circumstances.  See Villa v. Astrue, No. CIV S-06-0846 GGH, 2010 WL 118454, at *1-2 (E.D. Cal. Jan. 7, 2010) (approving Section 406(b) fees exceeding $1,000.00 per hour, and noting "[r]educing [Section] 406(b) fees after Crawford is a dicey business").  Further, post-Gisbrecht decisions have approved contingency fee agreements yielding substantially higher hourly rates to the rate Counsel seeks.  See, e.g., Daniel v. Astrue, No. EDCV 04-01188-MAN, 2009 WL 1941632, at *2-3 (C.D. Cal. July 2, 2009) (approving fees amounting to $1,491.25 per hour); see also Palos v. Colvin, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (finding "an hourly rate of $1,546.39 for attorney and paralegal services" is reasonable).  Hence, in light of the hours Counsel expended, the Section 406(b) fee award amount Counsel requests would not represent an unfair windfall to Counsel.

---

[3] The Court's calculation is achieved by dividing $14,924.00 by 69.8 hours of time.

1    Additionally, nothing in the record suggests any overreaching in the making of

2   the fee agreement or any impropriety on the part of Counsel in representing Plaintiff.

3   Counsel assumed the risk of nonpayment inherent in a contingency agreement and

4   Counsel's efforts proved successful for Plaintiff.  Accordingly, the Court finds the

5   Section 406(b) fees Counsel requests reasonable.

6                                            **IV.**

7                                         **ORDER**

8    Based on the foregoing, **IT IS HEREBY ORDERED** (1) Counsel's Motion

9   for Attorney Fees Pursuant to Section 406(b) is **GRANTED**; (2) Defendant is

10  directed to pay Counsel the sum of $14,924.00 with a reimbursement to Plaintiff for

11  EAJA fees previously awarded in the amount of $9,103.50.

12

13   Dated: July 08, 2020

14                                    HONORABLE KENLY KIYA KATO
                                       United States Magistrate Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28

6